**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| DEE ANNE REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00265 |
| ) | |
| KNOX COUNTY GOVERNMENT, ) | |
| CITY OF KNOXVILLE, and ) | |
| KNOXVILLE/KNOX COUNTY ) | |
| METROPOLITAN PLANNING ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KNOXVILLE/KNOX COUNTY METROPOLITAN PLANNING
COMMISSION'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant Knoxville/Knox County Metropolitan Planning Commission (hereinafter "MPC") hereby appears, by and through counsel, and answers the Second Amended Complaint filed by the Plaintiff against it as follows:

1. Upon information and belief, the allegations in paragraph 1 of the Plaintiff's Second Amended Complaint are denied.

2. No objections are raised as it relates to service of process on the MPC. It is denied the MPC is an agency of Knox County or the City of Knoxville.

3. The allegations in paragraph 3 of the Plaintiff's Second Amended Complaint do not relate to this Defendant, therefore, no answer is warranted and none is given.

4. The allegations in paragraph 4 of the Plaintiff's Second Amended Complaint do not relate to this Defendant, therefore, no answer is warranted and none is given.

5. No allegations are raised against this Defendant in paragraph 5 of the Plaintiff's Second Amended Complaint, therefore, no answer is warranted and none is given. To the extent the Plaintiff is asserting claims against this Defendant in paragraph 5, then said claims are denied and strict proof is required thereof. No objection is raised as to the jurisdiction of the court over the Plaintiff's Equal Pay Act claims. In the event the federal claims are dismissed by this Court, then this Defendant asks the Court to decline to exercise pendent jurisdiction over any remaining state law claims that might exist.

6. This Defendant admits the Plaintiff was an employee of the MPC at all times relevant. It is denied the City of Knoxville or Knox County were employers of the Plaintiff. It is denied the MPC violated provisions of the Equal Pay Act.

7. It is admitted the Tennessee Human Rights Act has provisions in it applicable to the MPC. To the extent the Plaintiff claims the MPC violated said Act, denied.

8. It is admitted Title VII has provisions in it applicable to the MPC. To the extent the Plaintiff claims the MPC violated Title VII, denied. Further, it is affirmatively raised as a defense that any claims raised against the MPC pursuant to Title VII are procedurally flawed and should be dismissed as the Plaintiff, upon information and belief, has not received the required paperwork from the EEOC that would allow her to validly file suit against the MPC.

9. It is admitted the MPC employs more than twenty (20) regular employees.

10. It is denied Defendants Knoxville and Knox County operated the MPC. This Defendant is without specific knowledge as to whether or not Knoxville and Knox County used federal money to fund the MPC, but it is admitted that Knoxville and Knox County both have participated in funding the MPC.

11. Paragraph 11 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may argue otherwise, said allegation(s) is/are denied.

12. Paragraph 12 of the Plaintiff's Second Amended Complaint calls for a legal and/or accounting conclusion to be made by this Defendant. In that it is neither an accountant nor an attorney, it is unable to respond and the allegations in paragraph 12 of the Second Amended Complaint that call for a legal conclusion or accounting conclusion are denied. To the extent the Plaintiff asserts that she is raising any other allegations of wrongdoing against the MPC in paragraph 12 of the Second Amended Complaint, said allegations are denied and strict proof is required thereof.

13. Paragraph 13 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

14. Paragraph 14 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

15. Paragraph 15 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

16. Denied.

17. Denied. It is admitted the Plaintiff was first hired to work by this Defendant in 2002.

18. Paragraph 18 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

19. Denied.

20. Denied.

21. Paragraph 21 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

22. Paragraph 22 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

23. Paragraph 23 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

24. Paragraph 24 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

25. Paragraph 25 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

26. Paragraph 26 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

27. Paragraph 27 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

28. Paragraph 28 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

29. Denied.

30. Paragraph 30 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

31. Denied.

32. No allegations are made against this Defendant in paragraph 32 of the Plaintiff's Second Amended Complaint, therefore, no answer is warranted and none is given. To the extent the Plaintiff asserts that allegations are made against this Defendant in paragraph 32, then said allegations are denied. Exhibit 2 is a document that says what it says. To the extent the Plaintiff argues otherwise, or to the extent the Plaintiff maintains Exhibit 2 to the Second Amended Complaint states a claim or supports a claim against this Defendant, denied.

33. Paragraph 33 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

34. It is denied the Plaintiff was not insubordinate during her period of employment as is implied in paragraph 34 of the Plaintiff's Second Amended Complaint. To that extent, the allegations in paragraph 34 of the Plaintiff's Second Amended Complaint are denied.

35. It is denied that the Plaintiff was not insubordinate as is implied in paragraph 35 of the Plaintiff's Second Amended Complaint. It is maintained that a fully qualified employee would not act in an insubordinate manner. Accordingly, the allegations in paragraph 35 of the Plaintiff's Second Amended Complaint are denied.

36. Paragraph 36 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

37. Paragraph 37 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

38. Paragraph 38 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

39. Paragraph 39 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

40. Denied.

41. Admitted.

42. Denied.

43. Admitted.

44. Paragraph 44 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

45. Denied.

46. This Defendant is without specific and firsthand knowledge as to discussions held between Ms. Albertson and the Plaintiff. This Defendant is without firsthand knowledge as to any recommendations the Plaintiff made to Ms. Albertson, no matter how incorrect said advice might have been. Accordingly, the allegations in paragraph 46 of the Plaintiff's Second Amended Complaint are denied.

47. Paragraph 47 of the Second Amended Complaint fails to state a claim against this Defendant, therefore, no answer is warranted and none is given. To the extent paragraph 47 of the Plaintiff's Second Amended Complaint misquotes, misstates, or otherwise inaccurately recites portions of the employment policy, or to the extent the Second Amended Complaint sets out portions of the policy without context and guidance of other relevant portions of the original writing, denied. The writing referenced in paragraph 47 of the Second Amended Complaint speaks for itself.

48. Paragraph 48 of the Second Amended Complaint fails to state a claim against this Defendant, therefore, no answer is warranted and none is given. This Defendant raises the same objections and denials as is asserted in paragraph 48 as it relates to provisions of the employee handbook referenced by the Plaintiff in the Second Amended Complaint. Upon information and belief, the Plaintiff's signature is found on Exhibit 4 to the Second Amended Complaint.

49. This Defendant is without specific knowledge as to the date of any meeting the Plaintiff and Ms. Albertson may have met with Richard Julian and/or Pat Carson, and this Defendant is without knowledge as to the subject matter and/or specific discussions held in any particular meeting that may have been held. As such, the allegations in paragraph 49 of the Plaintiff's Second Amended Complaint are denied and strict proof is required thereof. The

allegations in paragraph 49 of the Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, however, and to the extent the Plaintiff might argue otherwise, said allegations are denied and strict proof is required thereof.

50. This Defendant is without specific knowledge as to the date of any meeting the Plaintiff and Ms. Albertson may have met with Richard Julian and/or Pat Carson, and this Defendant is without knowledge as to the subject matter and/or specific discussions held in any particular meeting that may have been held. The allegations in paragraph 50 of the Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, however, and to the extent the Plaintiff might argue otherwise, said allegations are denied and strict proof is required thereof.

51. This Defendant is without specific knowledge as to the date of any meeting the Plaintiff and Ms. Albertson may have met with Richard Julian and/or Pat Carson, and this Defendant is without knowledge as to the subject matter and/or specific discussions held in any particular meeting that may have been held. The allegations in paragraph 51 of the Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, however, and to the extent the Plaintiff might argue otherwise, said allegations are denied and strict proof is required thereof.

52. This Defendant denies that Ms. Albertson provided a viable complaint of sex discrimination or Equal Pay Act violations, despite what may be asserted and believed by the Plaintiff, and, therefore, the allegations in paragraph 52 of the Plaintiff's Second Amended Complaint are denied. This Defendant affirmatively denies that it discriminated against Ms. Albertson at any time, and it denies that any violations of the Equal Pay Act occurred during Ms. Albertson's employment. This Defendant is without knowledge as to who Ms. Albertson may

have provided with a copy of her memorandum of concerns, but it is acknowledged that Exhibit 5 attached to the Plaintiff's Second Amended Complaint references the Plaintiff. To the extent the Plaintiff alleges that Ms. Albertson was discriminated against based on her gender, or that this Defendant violated the Equal Pay Act, said allegations are denied and strict proof is required thereof.

53. It is admitted that on July 25, 2013 the Plaintiff and Albertson met with Mark Donaldson. It is denied discussions were held regarding sex discrimination or the Equal Pay Act as is alleged in the Second Amended Complaint. It is admitted that Donaldson attempted to have a congenial discussion with Ms. Albertson about her allegations.

54. This Defendant is without knowledge as to what unfounded concerns the Plaintiff may have had, and as such, the allegations in paragraph 54 are denied and strict proof is required thereof.

55. It is admitted that on or about August 22, 2013 a meeting was held in reference to Ms. Albertson, and that in attendance at that meeting were Ms. Albertson, Mark Donaldson and Mark Carbury. Regarding any request made by Ms. Albertson to have a third party present, it is admitted Mark Donaldson thought it was best to first attempt to resolve the issues without bringing in an outside party. However, Mr. Donaldson told Ms. Albertson that if they needed to involve a female, he would ask Steve Wise for a recommendation. It is denied that Mark Donaldson became angry during that meeting. This Defendant is without knowledge as to the manner in which Ms. Albertson interpreted the meeting or as to what she may have told the Plaintiff after the fact. To that extent, the last sentence in paragraph 55 is denied. It is specifically denied that discrimination occurred as it related to Ms. Albertson.

56. The allegations in paragraph 56 of Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, are outside the course, scope and knowledge of this Defendant and are denied.

57. It is admitted that at some point in time the Plaintiff decided to speak to Rebecca Longmire, and it is admitted that at the time referenced in paragraph 57 of the Second Amended Complaint Ms. Longmire was the Chair of the MPC. The remaining allegations in paragraph 57 of the Plaintiff's Second Amended Complaint are denied and strict proof is required thereof.

58. This Defendant is without knowledge as to what the Plaintiff interpreted, believed she understood or otherwise opined, and, as such, paragraph 58 of the Plaintiff's Second Amended Complaint is denied and strict proof is required thereof.

59. The allegations in paragraph 59 are denied as written with strict proof demanded thereof. It is specifically denied that Plaintiff stated Ms. Albertson feared being retaliated against after filing her Second Amended Complaint.

60. The allegations in paragraph 60 of Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, are outside the course, scope and knowledge of this Defendant and are denied.

61. The allegations in paragraph 61 of Plaintiff's Second Amended Complaint fail to state a claim against this Defendant, are outside the course, scope and knowledge of this Defendant and are denied.

62. Paragraph 62 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may argue otherwise, then said allegations are denied. This Defendant was without knowledge as to the

Plaintiff's thoughts, concerns or opinions that she may have formulated as is asserted in paragraph 62 of the Second Amended Complaint.

63. The allegations in paragraph 63 of the Plaintiff's Second Amended Complaint, to the extent the Plaintiff asserts they apply against the MPC, are denied.

64. The allegations in paragraph 64 of the Plaintiff's Second Amended Complaint, to the extent the Plaintiff asserts they apply against the MPC, are denied.

65. Responding to the allegations contained in paragraph 65 of the Plaintiff's Second Amended Complaint, it is denied Ms. Longmire "invited" Plaintiff to an October 8, 2013 MPC Executive Committee meeting; rather, Plaintiff approached Ms. Longmire and stated that she would be at the meeting. Ms. Longmire assumed Plaintiff needed to be at the meeting so Plaintiff could make a presentation regarding a funding or budgetary question. Plaintiff never mentioned Ms. Albertson and her alleged sex discrimination complaint to Ms. Longmire. It is admitted Ms. Longmire contacted Plaintiff prior to the meeting and advised Plaintiff her presence at the meeting was not required, because there was nothing on the agenda for the meeting related to funding and/or budgetary questions. It is admitted that after Plaintiff forcefully and relentlessly insisted that she be allowed to attend the meeting, Ms. Longmire told Plaintiff she could attend the meeting. It is admitted that Plaintiff spoke at the October 8, 2013 Executive Committee meeting on a wide variety of topics that were unrelated to any of the items on the agenda for the meeting.

66. The Plaintiff's allegation that Donaldson and others misrepresented the facts during an October 8, 2013 executive committee meeting are denied. This Defendant denies the statement attributed to Steve Wise in paragraph 66 of the Plaintiff's Second Amended Complaint. The Plaintiff's allegation related to comments attributed to her in the fourth sentence

of paragraph 66 are denied. It is admitted the Plaintiff was asked to leave the meeting after she deliberately made statements before the Commission that she knew or should have known to be factually inaccurate as it related to the MPC losing federal funding.

67. The allegations in paragraph 67 of the Plaintiff's Second Amended Complaint fail to state a claim against this Defendant upon which relief may be granted. To the extent the Plaintiff may argue otherwise, then said allegations are denied and strict proof is required thereof. This Defendant maintains that the document referenced as Exhibit 8 to the Second Amended Complaint speaks for itself, and to the extent the Plaintiff may be submitting an opinion, restatement, or characterization that is in whole or in part inaccurate or taken out of context, then said assertions are denied and strict proof is required thereof.

68. The allegations raised in paragraph 68 of the Plaintiff's Second Amended Complaint that the Plaintiff received a "trumped up" written disciplinary warning from Donaldson and that Donaldson subsequently began treating her in a hostile manner are denied. The Plaintiff's allegations that Donaldson's actions were made in retaliation against her are denied. The Plaintiff's claims that Donaldson was attempting to force the Plaintiff's resignation are denied. The Plaintiff's allegation that any MPC official may have consulted with an outside attorney fails to state a claim upon which relief may be granted, and to the extent said consultation(s) may have occurred, especially in the manner described by the Plaintiff, said consultation(s) and/or discussion(s) were privileged.

69. Denied.

70. Denied.

71. It is admitted that an invoice needed to be paid to an outside attorney with regard to services rendered, and it is admitted that an invoice was submitted for payment to the

appropriate person whose job it was to make payment on such an invoice. The remaining allegations in paragraph 71 of the Plaintiff's Second Amended Complaint are denied and strict proof is required thereof.

72. The allegations contained in paragraph 72 of the Plaintiff's Second Amended Complaint are denied as written, and strict proof is required thereof.

73. It is admitted that Plaintiff e-mailed Mark Donaldson on May 1, 2014. This Defendant maintains that the e-mail sent on May 1, 2014 speaks for itself, and to the extent Plaintiff may be submitting an opinion, restatement or characterization that is in whole or in part inaccurate or taken out of context, then said assertions are denied and strict proof is required thereof. It is further specifically denied that this Defendant retaliated against the Plaintiff.

74. It is denied Plaintiff and Ms. Longmire had any communication on May 8, 2014 as set out in paragraph 74 of Plaintiff's Second Amended Complaint. Therefore, the allegations are denied with strict proof demanded thereof.

75. To the extent the Plaintiff is asserting this Defendant violated Title VII, the Equal Pay Act, and/or the Tennessee Human Rights Act, said claims are denied and strict proof is required thereof. To the extent the Plaintiff is asserting a legal conclusion, said legal conclusion is without merit and is denied.

76. It is admitted that Mark Donaldson informed Plaintiff on June 24, 2014 in the MPC conference room that she was being terminated. It is denied Mr. Donaldson stated Plaintiff was being terminated for "insubordination," rather, Mr. Donaldson stated Plaintiff was terminated for "insubordinate refusal to follow management directives."

77. Denied.

78. Paragraph 78 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

79. Paragraph 79 of the Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against this Defendant. To the extent the Plaintiff may assert otherwise, then said allegations are denied and strict proof is required thereof.

80. To the extent the Plaintiff asserts paragraph 80 of the Second Amended Complaint raises claims against the MPC, said claims are denied.

81. It is admitted the Plaintiff filed a meritless charge with the EEOC. Said meritless charge speaks for itself, and to the extent the Plaintiff has misquoted, misstated or inaccurately recited events and actions or inactions in the meritless charge to now support her claims, said claims, including the allegation of timeliness, are denied.

82. Admitted only to the extent the Plaintiff filed a charge with the EEOC. The lack of specificity as to the events that purportedly formed the basis for the Second Amended Complaint requires this Defendant to deny that the EEOC complaint was timely filed.

83. Admitted.

84. Denied.

85. This Defendant denies the Plaintiff was terminated in retaliation for her engaging in protected activities, and strict proof is required in the alternative.

86. Denied.

87. This Defendant denies that any agents or employees of it committed any retaliatory actions against the Plaintiff. The remaining allegations in paragraph 87 of the Plaintiff's Second Amended Complaint are denied and strict proof is required thereof.

88. Denied.

89. The Plaintiff's prayer for relief is without merit and should be denied as it relates to her claims for compensatory damages, including front pay, pre-judgment interest, reasonable attorney's fees, costs of this action, and appropriate injunctive relief. This Defendant agrees with the Plaintiff to the extent a jury should be impaneled to try the cause of action raised by the Plaintiff against this Defendant.

90. Defendant affirmatively asserts the statute of limitations, as the same may be applicable, as a defense to this case. To the extent the Plaintiff raises any claims that occurred on or before the applicable statute of limitations period running, said claims are time barred.

91. This Defendant affirmatively asserts the defenses of collateral estoppel and *res judicata* as the same may be applicable.

92. This Defendant affirmatively asserts the Plaintiff has failed to state a claim upon which relief may be granted and, accordingly, the Plaintiff's claim(s) should be dismissed.

93. To the extent the Plaintiff may be asserting any negligence claims against this Defendant, then this Defendant affirmatively raises the Tennessee Governmental Tort Liability Act, as the same may be found at Tenn. Code Ann. § 29-20-101, *et seq.*, and this Defendant affirmatively maintains it is entitled to rely upon all immunities set out in said Act.

94. To the extent the Plaintiff may be asserting any negligence claims against this Defendant, then this Defendant affirmatively raises as a defense the doctrine of modified comparative fault as the same has been adopted by the State of Tennessee. The Plaintiff's own actions and/or inactions resulted in any damages she now claims and may be able to prove at trial and, accordingly, the Plaintiff should be barred from recovery.

95. This Defendant requests a jury to try all causes of action raised by the Plaintiff to the extent applicable by the law.

96. Anything not previously admitted or denied is hereby denied as if is specifically set out herein.

Respectfully submitted this 2nd day of February, 2016.

        KNOXVILLE/KNOX COUNTY
        METROPOLITAN PLANNING
        COMMISSION

        By: <u>Benjamin K. Lauderback</u>
           BENJAMIN K. LAUDERBACK, BPR NO. 20855
           EMILY C. TAYLOR, BPR NO. 027157
           WATSON, ROACH, BATSON,
           ROWELL & LAUDERBACK, P.L.C.
           Attorneys at Law
           P.O. Box 131
           Knoxville, Tennessee 37901-0131
           (865) 637-1700

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system:

      David A. Burkhalter II
      BURKHALTER, RAYSON & ASSOCIATES
      111 S Central Street
      P.O. Box 2777
      Knoxville, Tennessee  37901

      David S. Wigler
      Deputy Law Director
      400 W. Main Street
      Suite 612 City-County Building
      Knoxville, TN 37902

      Jeffrey M. Ward
      Milligan & Coleman
      230 W. Depot Street
      P.O. Box 1060
      Greeneville, Tennessee 37744

Dated this 2nd day of February, 2016.

      /s/ Benjamin K. Lauderback
      BENJAMIN K. LAUDERBACK