UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| DEE ANNE REYNOLDS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 3:15-cv-00265-TWP-CCS |
| | ] |
| KNOX COUNTY GOVERNMENT and | ] |
| KNOXVILLE/KNOX COUNTY | ] |
| METROPOLITAN PLANNING COMMISSION, | ] |
| | ] |
| Defendants. | ] |

## ANSWER OF DEFENDANT KNOX COUNTY GOVERNMENT TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Knox County Government makes the following Answer to Plaintiff's Second Amended Complaint and would show unto the Court as follows:

1. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 1 of the Second Amended Complaint, and strict proof thereof is demanded.

2. This Defendant denies that Knoxville/Knox County Metropolitan Planning Commission ("MPC") is an agency of Knox County. This Defendant lacks sufficient information to admit or deny the remaining averments contained in paragraph 2 of the Second Amended Complaint.

3. This Defendant admits paragraph 3 of the Second Amended Complaint.

4. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 4 of the Second Amended Complaint.

5. In answer to paragraph 5 of the Second Amended Complaint, this Defendant admits that this Court has jurisdiction to hear the Plaintiff's claims based upon Title VII claims of the

Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Civil Rights Act of 1991. This Defendant denies that this Court should exercise jurisdiction over Plaintiff's state law claims.

6. This Defendant specifically denies paragraph 6 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it employs individuals and is subject to certain provisions of the Equal Pay Act.

7. This Defendant specifically denies paragraph 7 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it employs individuals and is subject to certain provisions of the Tennessee Human Rights Act.

8. This Defendant specifically denies paragraph 8 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it employs individuals and is subject to certain provisions of Title VII of the Civil Rights Act of 1964.

9. This Defendant specifically denies paragraph 9 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it employs more than 20 employees.

10. In answer to paragraph 10 of the Second Amended Complaint, this Defendant denies that it or the City of Knoxville operate MPC. This Defendant lacks sufficient information to admit or deny whether any federal monies were obtained to fund MPC, and strict proof thereof is demanded. This Defendant admits the remaining averments of paragraph 10.

11. This Defendant admits paragraph 11 of the Second Amended Complaint.

12. In answer to paragraph 12 of the Second Amended Compliant, the first and second sentence constitute a legal and/or accounting conclusion and as such does not require an answer by this Defendant. As to the remaining averments of paragraph 12, this Defendant specifically

denies that Knox County has ever been "fiscally responsible" for MPC or that MPC is fiscally dependant on Knox County. This Defendant admits that the Knox County Mayor appoints the majority of the MPC board members, that Knox County has the ability to veto or modify MPC decisions regarding zoning, and that the Knox County Mayor and Mayor of Knoxville jointly have the authority to appoint and terminate the MPC Executive Director.

13. In answer to paragraph 13 of the Second Amended Complaint, this Defendant specifically denies that it ever maintained sole control over MPC's finances and that the Knox County Trustee maintained sole control over MPC's bank account. This Defendant admits that its Finance Department would assist MPC with its payroll, accounting and purchasing for which MPC was billed yearly in accordance with a cost allocation plan. This Defendant further admits that MPC deposited its funds with the Knox County Trustee, though they maintained the ability to deposit and withdraw said funds at will. In further answer, this Defendant avers that Tennessee law as found in Tennessee Code Annotated section 13-3-103 requires it to provide these services to MPC.

14. This Defendant admits paragraph 14 of the Second Amended Complaint.

15. This Defendant admits paragraph 15 of the Second Amended Complaint.

16. This Defendant denies paragraph 16 of the Second Amended Complaint.

17. This Defendant specifically denies paragraph 17 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. For further response, this Defendant lacks sufficient information to admit or deny the averments contained in paragraph 17 and strict proof thereof is demanded.

18. This Defendant specifically denies paragraph 18 of the Second Amended Complaint

to the extent it alleges that it ever employed the Plaintiff or any other employees of MPC. This Defendant lacks sufficient information to admit or deny the first sentence of paragraph 18 and strict proof thereof is demanded. This Defendant generally admits that it offers free training class in various topics at the City-County Building and that it allows MPC employees, who work in the City-County Building, to attend as a courtesy. This Defendant lacks sufficient information to admit or deny the third sentence of paragraph 18 and strict proof thereof is demanded.

19. This Defendant specifically denies paragraph 19 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it handles payroll for all MPC employees, including the Plaintiff, for which it receives reimbursement from MPC for the associated costs.

20. This Defendant specifically denies paragraph 20 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that MPC employees, including the Plaintiff, are allowed to participate in Knox County Employee Benefits Package. The exhibit referenced in paragraph 20 speaks for itself.

21. This Defendant specifically denies paragraph 21 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that the Plaintiff could participate in its "Employee Assistance Plan" which is part of Knox County's Employee Benefits Package, but specifically denies that Plaintiff's participation was at Knox County's expense as both the Plaintiff and MPC paid into the Employee Benefits Package. The second sentence of paragraph 21 references an attached exhibit which speaks for itself. This Defendant lacks sufficient information to admit or deny the third sentence of paragraph 21 and strict proof thereof is demanded.

22. This Defendant specifically denies paragraph 22 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that MPC employees could receive discounted gym membership as part of their participation in the Knox County Employees Benefit Package. This Defendant lacks sufficient information to admit or deny the remaining averments contained in paragraph 22 and strict proof thereof is demanded.

23. This Defendant admits paragraph 23 of the Second Amended Complaint.

24. This Defendant specifically denies paragraph 24 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that it direct deposited Plaintiff's paycheck into her bank account. This Defendant lacks sufficient information to admit or deny whether or not Plaintiff signed a form similar to Exhibit 12 and strict proof thereof is demanded.

25. This Defendant specifically denies paragraph 25 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant lacks sufficient information to admit or deny whether or not Plaintiff signed a form similar to Exhibit 13 and strict proof thereof is demanded. The exhibit referenced in the second sentence of paragraph 25 speaks for itself.

26. This Defendant specifically denies paragraph 26 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits that MPC employees could participate in National Fitness Center as part of their participation in the Knox County Employees Benefit Package. This Defendant lacks sufficient information to admit or deny the remaining averments contained in paragraph 26 and strict proof thereof is demanded. Exhibit 14 speaks for itself.

27. This Defendant denies paragraph 27 of the Second Amended Complaint.

28. In answer to paragraph 28 of the Second Amended Complaint, this Defendant admits that it maintains an Audit Hotline and that Mark Jones informed the Plaintiff that it covered MPC employees. This Defendant lacks sufficient information to admit or deny the second sentence of paragraph 28 and strict proof thereof is demanded.

29. This Defendant specifically denies paragraph 29 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. In further answer to paragraph 29, this Defendant admits that all MPC employees, including the Plaintiff, receive an employee number in order to allow the Knox County Finance Department to administer MPC's payroll.

30. In answer to paragraph 30 of the Second Amended Complaint, this Defendant admits the first and second sentence. This Defendant denies specifically denies the third sentence.

31. This Defendant specifically denies paragraph 31 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant admits the remaining averments of paragraph 31, in that Knox County required MPC to use specific forms to properly manage their payroll.

32. In answer to paragraph 32 of the Second Amended Complaint, the exhibit referenced speaks for itself.

33. This Defendant admits that prior to December 2013, it would from occasionally send risk management letters on behalf of MPC. This Defendant specifically denies that these letters referred to MPC as an "entity" of Knox County.

34. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 34 of the Second Amended Complaint, and strict proof thereof is demanded.

35. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 35 of the Second Amended Complaint, and strict proof thereof is demanded.

36. In answer to paragraph 36 of the Second Amended Complaint, this Defendant denies that it told Plaintiff to follow its Finance Department's policies and failure to do so could result in her work being flagged as non-compliant and reported to the auditor, in that it did not employ the Plaintiff and could not control her job requirements. This Defendant specifically denies the averments contained in the third sentence of paragraph 36. This Defendant admits the fourth sentence of paragraph 36.

37. In answer to paragraph 37 of the Second Amended Complaint, this Defendant denies that it selected and contracted with external auditors for MPC without their involvement or input, in that MPC determined to use the same external auditors as Knox County to receive a group discount. This Defendant admits the second sentence of paragraph 37. This Defendant denies the averments contained in the third and fourth sentence of paragraph 37.

38. This Defendant denies in paragraph 38 of the Second Amended Complaint.

39. In answer to paragraph 39 of the Second Amended Complaint, this Defendant admits the first sentence. This Defendant admits that MPC would have to submit certain forms and paperwork for it to administer MPC's payroll and enroll their employees in the Knox County Employee Benefit Package. This Defendant denies all averments of paragraph 39 not specifically admitted above.

40. This Defendant specifically denies paragraph 40 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. For further answer, this Defendant lacks sufficient information to admit or deny the averments of paragraph 40 and strict proof

thereof is demanded.

41. This Defendant lacks sufficient information to admit or deny the averments of paragraph 41 of the Second Amended Compliant and strict proof thereof is demanded.

42. This Defendant denies that it ever employed Mark Donaldson or that he was ever its agent.

43. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 43 of the Second Amended Complaint, and strict proof thereof is demanded.

44. This Defendant denies paragraph 44 of the Second Amended Complaint.

45. This Defendant specifically denies paragraph 45 of the Second Amended Complaint to the extent it alleges that it ever employed the Elizabeth Albertson. For further answer, this Defendant lacks sufficient information to admit or deny the averments of paragraph 45 and strict proof thereof is demanded.

46. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 46 of the Second Amended Complaint, and strict proof thereof is demanded.

47. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 47 of the Second Amended Complaint, and strict proof thereof is demanded. This Defendant would further answer that the Exhibit quoted in paragraph 47 speaks for itself.

48. This Defendant specifically denies paragraph 48 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. In further answer to paragraph 48, this Defendant lacks sufficient information to admit or deny the averments contained in paragraph 48 of the Second Amended Complaint, and strict proof thereof is demanded.

49. This Defendant admits paragraph 49 of the Second Amended Complaint.

50. This Defendant admits paragraph 50 of the Second Amended Complaint.

51. This Defendant admits paragraph 51 of the Second Amended Complaint.

52. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 52 of the Second Amended Complaint, and strict proof thereof is demanded.

53. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 53 of the Second Amended Complaint, and strict proof thereof is demanded.

54. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 54 of the Second Amended Complaint, and strict proof thereof is demanded.

55. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 55 of the Second Amended Complaint, and strict proof thereof is demanded.

56. This Defendant generally admits the averments contained in paragraph 56 of the Second Amended Complaint with the exception of the exact date for which this Defendant lacks sufficient information to admit or deny and strict proof thereof is demanded.

57. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 57 of the Second Amended Complaint, and strict proof thereof is demanded.

58. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 58 of the Second Amended Complaint, and strict proof thereof is demanded.

59. This Defendant specifically denies paragraph 59 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff or that it was responsible for addressing the gender discrimination complaint of Ms. Albertson.  This Defendant lacks sufficient information to admit or deny the remaining averments contained in paragraph 59 of the Second Amended Complaint, and strict proof thereof is demanded.

60. This Defendant generally admits the averments contained in paragraph 60 of the Second Amended Complaint with the exception of the exact date for which this Defendant lacks sufficient information to admit or deny and strict proof thereof is demanded.

61. This Defendant admits paragraph 61 of the Second Amended Complaint.

62. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 62 of the Second Amended Complaint, and strict proof thereof is demanded.

63. This Defendant denies paragraph 63 of the Second Amended Complaint. This Defendant further denies that it ever employed the Plaintiff or Ms. Albertson, owed them a duty to investigate their discrimination complaints or that the Plaintiff has any valid cause of action against it.

64. This Defendant denies paragraph 64 of the Second Amended Complaint. This Defendant further denies that it ever employed the Plaintiff or Ms. Albertson, owed them a duty to investigate their discrimination complaints or that the Plaintiff has any valid cause of action against it.

65. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 65 of the Second Amended Complaint, and strict proof thereof is demanded.

66. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 66 of the Second Amended Complaint, and strict proof thereof is demanded.

67. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 67 of the Second Amended Complaint, and strict proof thereof is demanded.

68. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 68 of the Second Amended Complaint, and strict proof thereof is demanded.

69. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 69 of the Second Amended Complaint, and strict proof thereof is demanded.

70. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 70 of the Second Amended Complaint, and strict proof thereof is demanded.

71. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 71 of the Second Amended Complaint, and strict proof thereof is demanded.

72. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 72 of the Second Amended Complaint, and strict proof thereof is demanded.

73. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 73 of the Second Amended Complaint, and strict proof thereof is demanded.

74. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 74 of the Second Amended Complaint, and strict proof thereof is demanded.

75. In answer to paragraph 75 of the Second Amended Complaint, this Defendant denies that it ever employed the Plaintiff or that she has any valid cause of action against it under the statutes set forth.

76. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 76 of the Second Amended Complaint, and strict proof thereof is demanded.

77. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 77 of the Second Amended Complaint, and strict proof thereof is demanded.

78. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 78 of the Second Amended Complaint, and strict proof thereof is demanded.

79. In answer to paragraph 79 of the Second Amended Complaint, this Defendant admits

that both Knox County Controller Jason Lay and MPC Director Mark Donaldson signed the management representation letter.

80. In answer to paragraph 80 of the Second Amended Complaint, the referenced exhibits speak for themselves.

81. This Defendant lacks sufficient information to admit or deny the averments contained in paragraph 81of the Second Amended Complaint, and strict proof thereof is demanded. For further answer, the referenced exhibit speaks for itself.

82. In answer to paragraph 82 of the Second Amended Complaint, the determination of whether the EEOC charge was timely filed is a question of law for the court and strict proof is required.

83. In answer to paragraph 83 of the Second Amended Complaint, the exhibit referenced speaks for itself.

84. In answer to paragraph 84 of the Second Amended Complaint, the determination of whether this suit was timely filed is a question of law for the court and strict proof is required.

85. This Defendant specifically denies paragraph 85 of the Second Amended Complaint to the extent it alleges that it ever employed the Plaintiff. This Defendant lacks sufficient information to admit or deny why MPC terminated the Plaintiff and strict proof thereof is demanded.

86. This Defendant denies paragraph 86 of the Second Amended Complaint. This Defendant specifically denies that the Plaintiff has any valid cause of action against it based upon the statute sections set forth.

87. This Defendant denies paragraph 87 of the Second Amended Complaint.

This Defendant specifically denies that the plaintiff has any valid cause of action against it.

88. This Defendant denies paragraph 88 of the Second Amended Complaint. This Defendant specifically denies that the plaintiff has any valid cause of action against it.

89. This Defendant denies all averments of the Second Amended Complaint which were not previously admitted, denied, or otherwise answered. This Defendant further denies that it at any time acted as the employer of the Plaintiff or any other employee of MPC.

90. It is denied that Plaintiff is entitled to the relief which she seeks or to any relief from this Defendant.

91. This Defendant asserts that the Second Amended Complaint, in whole or in part, fails to state a claim against it upon which relief can be granted, in that it fails to allege facts establishing that Knox County Government was the Plaintiff's employer.

92. This Defendant relies upon all defenses and immunities available to it under the Tennessee Governmental Tort Liability Act, as set forth in Tennessee Code Annotated § 29-20-101, *et seq*.

93. This Defendant asserts that the Plaintiff's claims are barred by the running of the applicable statute of limitations.

Wherefore, Knox County moves the Court to dismiss the Complaint of Dee Anne Reynolds at the cost of the Plaintiff and that Knox County have such other, further and different relief to which it may be determined entitled. Alternatively, this Defendant demands a jury to hear this action.

Respectfully submitted,

*s/ Elijah T. Settlemyre*
JEFFREY M. WARD, BPR # 016329
ELIJAH T. SETTLEMYRE, BPR #032360
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorneys for Knox County, Tennessee

CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2016, a copy of the foregoing Answer of Defendant Knox County Government to Plaintiff's Second Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

       *s/ Elijah T. Settlemyre*
       JEFFREY M. WARD, BPR # 016329
       ELIJAH T. SETTLEMYRE, BPR #032360
       MILLIGAN & COLEMAN PLLP
       P.O. Box 1060
       Greeneville, TN 37744-1060
       423 639-6811