UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEE ANNE REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-265 |
| | ) | |
| KNOX COUNTY GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

As the record reflects, defendants Knox County and the Knoxville/Knox County Metropolitan Planning Commission made an Offer of Judgment to plaintiff Dee Anne Reynolds, which she timely accepted [Doc. 58]. Accordingly, and pursuant to the explicit direction of Fed. R. Civ. P. 68(a), the Clerk of Court entered Judgment on August 23, 2016, as follows:

> The court has ordered that: The Plaintiff Dee Anne Reynolds recover from the Defendant, Knox County and Knoxville/Knox County Metropolitan Planning Commission the amount of Eight Hundred Thousand Dollars ($800,000.00).

[Doc. 59].

Defendant Knox County now moves the Court to correct the Judgment pursuant to Fed. R. Civ. P. 60(a) or, alternatively, Fed. R. Civ. P. 60(b)(1). Knox County complains that the Judgment does not reflect the parties' "settlement" and does not incorporate the provision that the Offer of Judgment would "not … be construed either as an admission of liability or that the Plaintiff has suffered any damages." According to Knox County, the

inclusion of this language would "enable Knox County to effectively assert in subsequent litigation that the judgment in this case resulted from a Rule 68 Offer of Judgment, and was a compromise and settlement of a disputed claim, rather than a finding of this Court that Knox County was liable to the plaintiff" [Doc. 60 at p. 3]. Knox County points out that Rule 68 permits a defendant to "offer to allow judgment *on specified terms*" and that the "specified terms" of its offer should be included in the language of the Judgment to effectuate the intent of the parties [*Id.* at p. 4].

Plaintiff opposes Knox County's motion because there is nothing in the Judgment to correct and Knox County's proposed language would constitute a substantive change to the Judgment, for which Rule 60(a) relief is not available [Doc. 61]. Plaintiff also persuasively argues that a Rule 68 Offer of Judgment is different from a settlement agreement, which the parties did not enter into. Further, plaintiff correctly notes that the non-admission language sought by Knox County refers to the "Offer of Judgment" not being an admission, rather than the Judgment itself. *See* Doc. 58-1 ("this offer is not to be construed either as an admission of liability or that the Plaintiff has suffered any damages").

In reply [Doc. 62 at p. 1], Knox County contends it is simply asking the Court to "conform the Judgment to the agreement of the parties as reflected in the Rule 68 offer and acceptance." Knox County further suggests that failure to incorporate the basis for the Judgment and the "specified terms" of the Rule 68 offer into the Judgment "could possibly defeat the intent of the parties" [*Id.* at p. 4].

Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

2

record." Fed. R. Civ. P. 60(a). As the Sixth Circuit has explained, Rule 60(a) is intended to correct "clerical mistakes" as a result of "blunders in execution," *In re Walter*, 282 F.3d 434, 440–41 (6th Cir. 2002), but it cannot be used to alter the "substantive rights of the parties" in a manner different from what was intended when the judgment was entered. *Keeley v. Grider*, 590 F. App'x 557, 559–60 (6th Cir. 2014) (the typical use of Rule 60(a) is to correct typographical errors in judgments, to complete an errantly omitted "ministerial task," or to correct an order that does not accurately reflect the issuing court's intent) (internal citations omitted). Rule 60(a) is not a means to "rewrite" the past; it merely "allows a court to correct records to show what was done, rather than change them to reflect what should have been done." *Id.* (quoting *Blue Cross & Blue Shield Ass'n v. Am. Exp. Co.*, 467 F.3d 634, 637 (7th Cir. 2006)).

Rule 60(b)(1) permits a court to "relieve a party" from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Relief under Rule 60(b)(1) is available in only two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

The Court finds that there is no clerical or typographical error in the Judgment to be corrected, nor was there a "blunder" in executing the terms of the accepted Offer of

3

Judgment. The Judgment accurately reflects the offer which plaintiff accepted, *i.e.*, that "judgment [of $800,000] …be entered in favor of the Plaintiff on all issues raised by her in the Third Amended Complaint." Further, there is no evidence that either party has made an excusable litigation mistake, that an attorney in the litigation has acted without authority, or that the Judgment contains a substantive mistake of law or fact. Accordingly, the Court finds that Knox County is not entitled to relief under either Rule 60(a) or Rule 60(b)(1). The Court declines to comment further or opine on the nature of judgments entered pursuant to accepted Rule 68 offers or the impact of the Judgment in the instant case in any other litigation.

For all the foregoing reasons, defendant Knox County's motion [Doc. 60 is **DENIED**.

IT IS SO ORDERED.

                                         s/ Thomas W. Phillips
                                         SENIOR UNITED STATES DISTRICT JUDGE